■ PERLBINDER HOLDINGS, LLC, Appellant, v MEENAKSHI SRINIVASAN, as Chairperson of the Board of Standards and Appeals of the City of New York, et al, Respondents. [973 NYS2d 622]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered March 27, 2013, denying the petition to annul a resolution of respondent Board of Standards and Appeals of the City of New York (BSA), dated June 19, 2012, which upheld a decision of the New York City Department of Buildings (DOB) that revoked petitioner's permits for an outdoor advertising sign, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law and the facts, without costs, the petition granted, and the DOB is directed to reinstate the subject permits and vacate the fines imposed in connection with the sign.

The revocation of the permits for a large advertising sign on petitioner's property was improper because petitioner constructed the sign in good-faith reliance on a 2008 determination of the Manhattan Borough Building Commissioner that the sign was a permissible replacement for a similar sign that was removed when a building on the property was demolished.

In *Matter of Pantelidis v New York City Bd. of Stds. & Appeals* (43 AD3d 314 [1st Dept 2007], *affd* 10 NY3d 846 [2008]), we affirmed a decision of the Supreme Court (10 Misc 3d 1077[A], 2005 NY Slip Op 52249[U] [Sup Ct, NY County 2005]), which held that the BSA was required to consider the petitioner's good-faith reliance on a later-rescinded permit when considering the petitioner's application for a variance. In so finding, Supreme Court relied on language in Zoning Resolution 72-21, governing variances, authorizing the BSA, "[w]hen . . .

there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of [a] provision," to "vary or modify the provision so that the spirit of the law shall be observed, public safety secured and substantial justice done."

Virtually identical language appears in section 666 (7) of the New York City Charter, which addresses the BSA's appellate jurisdiction. Accordingly, as in *Pantelidis*, the BSA was required to consider evidence of good-faith reliance in adjudicating petitioner's appeal. Indeed, to the extent that petitioner sought relief based on its good-faith reliance—as opposed to the replacement sign's compliance with the letter of provisions regarding continuing non-conforming use—petitioner's appeal was, in effect, an application for a variance.

In view of our finding that the permits should be reinstated, the fines that have been imposed in connection with the sign are vacated. Concur—Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ. **[Prior Case History: 2013 NY Slip Op 30466(U).]**